No. 1520.—JOSEPH KELLER *v.* JOSEPH A. RUIZ AND WIFE.

A married woman may bind her separate estate for the debts of her husband by complying with the provisions of the act of the Legislature of 1855, approved March 15, No. 200, entitled "An Act to enable married women to contract debts and bind their paraphernal or dotal property."

APPEAL from the Sixth District Court, of New Orleans. *Duplantier* J. *Jerome Meunier,* for plaintiff and appellee. *T. A. Bartlette,* for defendants and appellants.

TALIAFERRO, J. The plaintiff, as owner and holder of a promissory note for twenty-five hundred dollars, executed by the defendants and secured by mortgage, proceeded *via executiva* to collect it. An order of seizure and sale of the mortgaged property was rendered, and from this order the defendants have taken a suspensive appeal. The note is in these words:

"$2500.　　　　　　　　NEW ORLEANS, September 21, 1866.

"One year after date we promise to pay to the order of ourselves two thousand five hundred dollars, value received, with interest at the rate of eight per cent. per annum from date until paid.

(Signed)　　　　　　　　　　"J. A. RUIZ.
　　　　　　　　　　　　　　"FANNIE RUIZ."
"To authorize my wife.　(signed)　　　JOHN RUIZ."
Endorsed—signed—"J. A. Ruiz—Fannie Ruiz."
"To authorize my wife.　(signed)　　　JOHN RUIZ."

The note has across its face the notary's paraph *ne varietur* with concurrent date.

The defense is placed mainly upon the ground of the incapacity of a married woman to bind herself for her husband's debts, and reference is made to article 2412 C. C., and to numerous authorities. We find from the record that in this case the wife has availed herself of the benefit of the second section of the act of 1855, removing, under certain conditions, the disabilities expressed in the several articles of

Joseph Keller v. Joseph A. Ruiz and Wife.

the Code and the decisions relied upon in the defense. We conclude therefore that in the present case, Mrs. Ruiz is bound by the obligation for the enforcement of which the order of seizure was obtained. .

It is therefore ordered, . adjudged and decreed that the judgment appealed from be affirmed ; that this appeal be dismissed at the cost of the appellants, and that the plaintiff and appellee be authorized to proceed under the order of seizure and sale, according to law

Rehearing refused.